## CIRCUIT COURT OF THE CITY OF RICHMOND

John C. Pignato

v.

Department of
Environmental Quality

November 4, 1994

Case No. HE-1044

By Judge Randall G. Johnson

This case arises under Virginia's grievance procedure for state employees, Va. Code § 2.1-114.5:1. At issue is whether plaintiff is entitled to a panel hearing.

Plaintiff began his employment with the state on October 1, 1984, as director of administration with the state Water Control Board. At that time, plaintiff's position was covered by the Virginia Personnel Act, Va. Code § 2.1-110 et seq., including the state's grievance procedure. At the 1985 session of the General Assembly, however, a bill was passed which excluded certain positions, including plaintiff's, from the Personnel Act and the grievance procedure. The new law, which became effective on July 1, 1985, as Va. Code § 2.1-116(A)(16), also gave each Governor's Secretary "final authority in determining on an ongoing basis the officers and employees exempted by this subdivision and pursuant to its provisions." Because the law was a codification of Senate Bill 643, employees who lost their grievance and other rights because of it became known as "643 employees."

On April 1, 1993, the Water Control Board and three other state agencies were consolidated to form the Department of Environmental Quality (DEQ). As part of the consolidation, plaintiff was transferred to the position of special assistant for program development, a position which was

excluded from the Personnel Act under the 1985 law. Plaintiff continued to serve in that position until June 30, 1994, when his job was abolished.

On June 29, 1994, after receiving notification of his termination, plaintiff presented an oral grievance to his immediate supervisor. Plaintiff's written grievance was presented on July 12. The written grievance was as follows:

> I believe that your termination of me from my position which you told me about orally on June 10, 1994, is wrong because: (1) I accrued rights through employment by the Commonwealth which preceded the so called "643" provision of the Virginia Code; and (2) Virginia Code Section 1-16 bars retroactive effect of later legislation (*cf. City of Norfolk v. Kohler*, attached).[1]

The relief requested was:

> (1) Restoration of all rights and benefits; (2) all monies owed; (3) attorney's fees and costs; (4) interest; (5) a position of same grade and salary; (6) no retaliation.

Because plaintiff was a 643 employee, he was denied access to the grievance procedure. Plaintiff's appeal to this court followed.

It is DEQ's position that plaintiff's grievance must fail for either of two reasons. First, DEQ argues that the allegations set out on plaintiff's grievance form do not fall within any definition of grievance contained in Va. Code § 2.1-114.5:1(A). Second, DEQ adheres to its contention that because plaintiff's last position was excluded from the Personnel Act, he is not entitled to file any grievance at all. Because of the view which the court takes of DEQ's second argument, the court will assume, without deciding, that the allegations set out on plaintiff's grievance form do state a definable grievance. The court concludes, however, that a grievance panel is inappropriate.

In *City of Norfolk v. Kohler, supra*, Kohler was hired as deputy director of the Norfolk Public Library in 1973. At the time she was hired, Norfolk's charter provided that after a probationary period of six months, "no officer or employee in the classified service shall be . . . discharged except

---

[1] Va. Code § 1-16 provides, in pertinent part: "No new law shall be construed to repeal a former law, as to . . . any right accrued, or claim arising under the former law, or in any way whatever to effect . . . any right accrued, or claim arising before the new law takes effect . . . ." The case cited by plaintiff is *City of Norfolk v. Kohler*, 234 Va. 341, 362 S.E.2d 894 (1987).

for cause and upon written charges, and after an opportunity to be heard in his own defense." 234 Va. at 343. Kohler's job was in the classified service. In 1977, a new director was appointed, and friction soon developed between him and the library staff, including Kohler. After several confrontations and letters, Kohler was terminated effective April 15, 1978. No reason was given for her termination, and she was denied an opportunity to be heard. Kohler filed a motion for declaratory judgment demanding damages and reinstatement.

At trial, the City took the position that the reason Kohler was afforded no notice or hearing was that she had lost her status as a classified employee. In fact, the General Assembly, at the City's express request, had amended the City's charter to provide that "assistant heads of administrative departments except for the departments of fire and police . . . shall not be included in . . . classified service." *Id.* at 344. The City argued that, inasmuch as the General Assembly had changed Kohler's employment status in 1977, the rights guaranteed classified employees by the City charter when she was hired in 1973 did not apply to her termination in 1978. The trial court rejected the City's argument, and the Supreme Court affirmed. Specifically, the Supreme Court said:

> The City cites a number of decisions of courts in other jurisdictions which have held that employment rights conferred by the legislature on government employees can be modified or repealed lawfully by subsequent legislation. We recognize this as a rule of general application. But our decision is controlled by Code § 1-16 . . . .
>
> " '[S]ubstantive' rights, as well as 'vested' rights, are included within those interests protected from retroactive application of statutes." *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753 (1984). The charter granted the City by the General Assembly in Acts 1918, c. 34, conferred upon selected City employees a package of job guarantees; no employee in the classified service could be discharged except "for cause and upon written charges, and after an opportunity to be heard." Construing these guarantees together, we hold that they created a substantive right, and in the language of Code § 1-16, a "right accrued . . . under the former law" which could not be repealed or "in any way whatever" affected by the enactment of the new law . . . .

234 Va. at 344-45.

While recognizing the above holding, DEQ points to the fact that here, unlike the situation in *Kohler*, plaintiff did not have the same job when he was terminated that he had when he was hired, and that the job he had when he was terminated, having only been created in 1993, was never within the Personnel Act at all. DEQ then cites *Grove v. Powell-Woodson*, Case No. HA-1199-3 (decided May 7, 1991), in which Judge Markow of this court, when confronted with a *Kohler*-type argument by an employee who had changed jobs, said:

> None of the parties dispute the fact that the position plaintiff assumed in July of 1987 was not covered by the grievance procedure. Plaintiff argues, however, that once he was covered by the grievance procedure he retained these rights forever. He relies on *City of Norfolk v. Kohler* in support of his position. He fails to distinguish a most important difference between his position and that of the employee in *Kohler*. The *Kohler* employee never changed positions in her agency. The agency had the law changed to deprive her of rights and then dismissed her. The Supreme Court held that under Va. Code Ann. § 1-16 she had vested rights which could not be terminated in this manner.
>
> Plaintiff, however, lost his vested rights when he changed positions. There is no issue of waiver of rights involved; rather, there is the question of what rights and responsibilities come with the position he assumed.
>
> The argument that once rights attach to an employee they follow whatever the position assumed could lead to absurd results. The legislature clearly intended that certain employees not have grievance rights. It gave much broader powers to hire and fire higher level employees for the obvious purpose of allowing the executive more latitude in implementing the management style for which he or she was elected to implement. For that reason Va. Code Ann. § 2.1-116 was enacted.
>
> Nothing in the *Kohler* case or any other principle of law would dictate that an employee's former grievance rights follows throughout the entire career. Such rights are position-

specific, not person-specific, just as is job description, salary and all other incidents of employment.

*Grove, supra.*

This court agrees with *Grove*. Plaintiff, however, argues that *Grove* should not apply because unlike the plaintiff's change of jobs in *Grove*, plaintiff's change of jobs here was not voluntary. Instead, the present plaintiff was confronted with two options: accept a transfer or leave state employment. While the court agrees that in an appropriate case an involuntary transfer may not serve to escape the holding of *Kohler*, as, for example, where the transfer was accomplished by an agency as a ruse to eliminate an employee's vested rights, this is not such a case. From the administrative record and the evidence presented in this case,[3] the court finds that the consolidation of agencies which occurred in April, 1993, as well as plaintiff's change in jobs which occurred as a result of that consolidation, were not devices used by the state to deprive plaintiff of his grievance rights. Instead, they were legislative exercises of governmental discretion which were undertaken for purposes unrelated to plaintiff's employment rights. While the court recognizes the devastating effect which such state actions have had on plaintiff, there is nothing in *Kohler* or any other statutory or case law which allows this court or a grievance panel to intercede. Plaintiff's request for a panel hearing must be denied.

---

[3] As allowed by Va. Code § 2.1-114.5:1(E), the court, in addition to the record transmitted by the agency, has received "such other evidence as the ends of justice require."